**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.:  CV - _____**

---

Joseph Vanderheyden,

                  Plaintiff,                  **COMPLAINT**

v.

                                   **JURY TRIAL DEMANDED**

Redline Recovery Services, LLC,

                  Defendant.

---

## JURISDICTION

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.      This action arises out of these Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in its illegal efforts to collect a consumer debt.

3.      Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4.      Plaintiff Joseph Vanderheyden, (hereinafter "Plaintiff"), is a natural person residing in the County of Anoka, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.   Defendant Redline Recovery Services, LLC, (hereinafter "Defendant"), is a debt collection agency operating from an address of 2350 North Forest Road, Suite 31B, Getzville, NY 14068, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

6.   Sometime prior to September 2007, upon information and belief, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a consumer debt with Wal-Mart.

7.   Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

8.   During the following months, Defendant began a collection campaign that included numerous telephone calls to Plaintiff.

9.   On or about September 11, 2007, Defendant sent an initial communication to Plaintiff which contained the 30-day Validation Notice pursuant to the FDCPA.  (See Exhibit A).

10.   On September 21, 2007, Plaintiff sent a letter to Defendant that disputed and requested verification of the alleged debt.  (See Exhibit B).

11.   Plaintiff sent the September 21, 2007 dispute letter on September 21, 2007 by certified mail.  (See Exhibit C).

12.   Upon information and belief, Defendant received Plaintiff's dispute letter on September 24, 2007.  (See Exhibit D).

2

13. As of the date of this Complaint, Defendant has never sent any communication to Plaintiff that verified the alleged debt.

14. On September 28, 2007, at 12:31 p.m., Defendant contacted Plaintiff by telephone in an attempt to collect the alleged debt from telephone number 716-250-4800.

15. On October 5, 2007, at 9:52 a.m., Defendant contacted Plaintiff by telephone in an attempt to collect the alleged debt from telephone number 716-250-4800. Plaintiff spoke to Defendant explaining that Plaintiff had retained an attorney and conveyed the name and telephone number of her attorney.

16. On October 5, 2007, despite knowing that Plaintiff was represented by an attorney, Defendant again contacted Plaintiff by telephone in an attempt to collect the alleged debt.

17. Defendant's debt collection agent stated that there was no record of Plaintiff's dispute letter or that she was represented by an attorney.  Plaintiff explained that she conveyed the name and telephone number of her attorney and that the dispute letter was sent certified mail and delivery was confirmed.

18. The conduct of Defendant in harassing Plaintiff in an effort to collect an alleged debt by not ceasing collection efforts until the alleged debt was verified and by contacting Plaintiff after Defendant knew Plaintiff to be represented by an attorney is a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(2), 1692f and 1692g(b) amongst others.

*Summary*

19.     Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions.

## TRIAL BY JURY

20.     Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 ET SEQ.

21.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

22.     The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the FDCPA, including but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

23.     As a result of Defendant's foregoing conduct and violations of the FDCPA, Plaintiff is entitled to recover actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

24.     an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

25.     an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

26.     an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

27.     actual damages for the emotional distress suffered as a result of the FDCPA violations in an amount to be determined at trial; and

28.     such other and further relief as may be just and proper.


Dated:  February 27, 2008                    **SCRIMSHIRE, MARTINEAU, GONKO & VAVRECK, PLLC**


                                             _s/ Mark L. Vavreck_____.
                                             Mark L. Vavreck, Esq.
                                             Attorney I.D.#0318619
                                             Designer's Guild Building
                                             401 North Third Street, Suite 600
                                             Minneapolis, MN 55401
                                             Telephone: (612) 659-9500
                                             Facsimile:  (612) 659-9220

                                             **ATTORNEY FOR PLAINTIFF**